**al**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CLIFFORD CORMIER,                                     )
                          Plaintiff,                  )
                                                      )
vs.                                                   )
                                                      )        Case No. 05-4138-JAR
CITY OF TOPEKA, *et al.*                              )
                                                      )
                          Defendants.                 )
_____)

## MEMORANDUM ORDER AND OPINION
## GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Clifford Cormier, proceeding pro se, brings this action against the following

defendants: the State of Kansas, the County of Shawnee, and the City of Topeka, Kansas.

Defendants each moved to dismiss plaintiff's action (Doc. 1), arguing that the Court lacks

subject matter jurisdiction and, alternatively, that plaintiff has failed to state a claim upon which

relief can be granted.  The motions are now fully briefed.  For the reasons set forth in detail

below, the Court grants defendants' motions and dismisses the case.

### I.  Plaintiff's Complaint

Because plaintiff appears pro se, the Court must remain mindful of additional

considerations.  A  pro se litigant's pleadings are to be construed liberally and held to a less

stringent standard than pleadings drafted by lawyers.[1]  Thus, if a pro se plaintiff's complaint can

reasonably be read "to state a valid claim on which the plaintiff could prevail, it [the court]

_____

[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 1972)).

1

should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[2]  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[3]  For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[4] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[5]

　　With these standards in mind, the Court summarizes plaintiff's Complaint as follows. Plaintiff owns a retail liquor store and lives in Topeka, Kansas.  Plaintiff alleges that federal, state, county, and city liquor laws lack uniformity and this has prevented him from properly operating his business.  Plaintiff alleges federal jurisdiction through the following provisions: 27 C.F.R. Part 6-Tied-House Arrangements, 27 C.F.R. Part 8- Exclusive Outlets, 27 C.F.R. Part 10-Commercial Bribery, 27 C.F.R. Part 11- Consignment Sales, and Unfair Trade Practices under the provision of the Federal Alcohol Administration Act ("FAAA").  Specifically, plaintiff points to the rules on exclusions in each C.F.R.  The FAAA outlaws unfair competition and unlawful practices by any person "engaged in business as a distiller, brewer, rectifier, blender, or other producer, or as an importer or wholesaler, of distilled spirits, wine, or malt beverages, or as a bottler, or warehouseman and bottler, of distilled spirits, directly or indirectly or through an

---

[2] *Id.*

[3] *Id.*

[4] *Drake v. City of Fort. Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5] *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

affiliate.'"[6]  Plaintiff requests this court require the levels of government to unify their respective liquor laws.

## II.  Standards Governing Motions

### Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction."[7]  This court's jurisdiction is established by the Constitution and acts of Congress.[8]  There are two statutory bases for federal subject matter jurisdiction.  First, under 28 U.S.C. § 1332,  federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist.  Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction.  In addition, if the court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[9]

Since federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction.[10]  A court lacking subject matter jurisdiction "must dismiss the case

---

[6] 27 U.S.C § 205.

[7] *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).

[8] *See United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[9] 28 U.S.C. § 1367.

[10] *Penteco Corp. Ltd. P'ship 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent."[11] When a defendant brings a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff must carry the burden of proving jurisdiction.[12]

### Rule 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[13] Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[14] "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[15]

On a Rule 12(b)(6) motion, the court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[16] The court construes the allegations in the light most favorable to the plaintiff.[17] These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have

---

[11] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[12] *Mounkes v. Conklin*, 922 F. Supp. 1501, 1505 (D. Kan. 1996).

[13] Fed. R. Civ. P. 12(b)(6).

[14] *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[15] *Mounkes*, 922 F. Supp. at 1506 (quotation omitted).

[16] *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[17] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon,* 935 F.2d at 1109.

4

not been alleged."[18]  "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster."[19]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[20]

"When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction."[21]

### III.    Analysis

### A.    Subject Matter Jurisdiction

Plaintiff fails to allege any basis for federal jurisdiction. It is evident by plaintiff's own admission that he is a citizen of the state, county, and city being sued.  Without parties of differing states, there is no basis for diversity jurisdiction.[22]  Therefore, plaintiff bears the burden of alleging federal question jurisdiction.

Questions of whether a claim arises under federal law must be determined by reference to

---

[18] *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[19] *Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[20] *Morse v. Regents of University of Colorado*, 154 F.3d 1124, 1127 (10th Cir. 1998) (quoting *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989).

[21] *Mounkes*, 922 F. Supp. at 1506 (citation omitted).

[22] The Court notes that plaintiff's request for prospective relief also does not meet the $75,000 monetary requirement necessary for diversity jurisdiction.  *See* 28 U.S.C. § 1332.

5

the "well-pleaded complaint."[23]  The well-pleaded complaint rule provides that:

"federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

properly pleaded complaint."[24]

> A federal question is presented when the complaint invokes federal law as the basis
> for relief.  It does not suffice that the facts alleged in support of an asserted state-law
> claim would also support a federal claim.  The well-pleaded-complaint rule makes
> the plaintiff the master of the claim; he or she may avoid federal jurisdiction by
> exclusive reliance on state law.[25]

Plaintiff has unfortunately misunderstood the purpose and uses of the C.F.R. provisions

he has cited.  Defendant Shawnee County correctly states in its brief that these federal

regulations have no relation to state and local governments' abilities to regulate the intrastate

retail sale of alcohol.  Plaintiff specifically points to the sections on exclusion under each Part.[26]

Each Part refers to the same language: "Exclusion, in whole or in part occurs: (1) When a

practice by an *industry member*, whether direct, indirect, or through an affiliate, places (or has

the potential to place) retailer independence at risk by means of a tie or link between the industry

member and retailer or by any other means of industry member control over the retailer."[27]  The

definitional section for each of these Parts also establishes the same definition for "industry

member": "Any person engaged in business as a distiller, brewer, rectifier, blender, or other

---

[23] *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986).

[24] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987).

[25] *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (internal quotations omitted).

[26] The Court excludes 27 C.F.R. Part 11 from its analysis. Though plaintiff asserts it in the Complaint caption, he makes no further reference to it in the body of his Complaint.

[27] 27 C.F.R. Part 6.131, 27 C.F.R. Part 8.51, 27 C.F.R. Part 10.51 (emphasis added).

6

producer, or as an importer or wholesaler, of distilled spirits, wine or malt beverages, or as a

bottler, or warehouseman and bottler, of distilled spirits; *industry member does not include an*

*agency of a State or political subdivision thereof, or an officer or employee of such agency*."[28]

Under this definition governmental defendants are not industry members.  In fact, the definition

specifically excludes them from being a member of this classification.  Therefore, these

regulations do not apply to defendants' conduct.  Nor do the regulations relate to the plaintiff,

who is a retailer.  Therefore, these regulations do not confer subject matter jurisdiction on this

Court.  Plaintiff has failed to allege any other violation of the Constitution, laws, or treaties of

the United States and, therefore, has failed to plead facts establishing that this Court has

jurisdiction to hear this claim under 28 U.S.C. 1331.[29]

      **IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motions to

Dismiss (Docs. 6, 8, and 17) are GRANTED.

      IT IS SO ORDERED

      Dated this  9th  day of March 2006.

                          S/ Julie A. Robinson

                        Julie A. Robinson

                        United States District Judge

---

[28] 27 C.F.R. Part 6.11, 27 C.F.R. Part 8.11, 27 C.F.R. Part 10.11 (emphasis added).

[29] Because the Court lacks subject matter jurisdiction, there is no need to address the alternative grounds for dismissal raised in defendants' memoranda.